IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00632-KAS

JEREMY SORENSON,

    Plaintiff,

v.

NICHOLAS GRAY, and
ROBERT B. ALVAREZ,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court sua sponte. Plaintiff filed this this case on February 26, 2025, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. *Compl.* [#1] ¶ 10. Under Fed. R. Civ. P. 7.1(a)(2), "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party . . . must, unless the court orders otherwise, file a disclosure statement. The statement must name and identify the citizenship of every individual or entity whose citizenship is attributed to that party." This disclosure statement is to be filed "when the action is filed in . . . federal court," Fed. R. Civ. P. 7.1(a)(2)(A), or at the time of the party's "first appearance, pleading, petition, motion, response, or other request addressed to the court," Fed. R. Civ. P. 7.1(b)(1).

    To date, Plaintiff has not filed the required Rule 7.1(a)(2) disclosure statement. While the Complaint [#1] identifies Plaintiff as a United States citizen, it merely identifies Plaintiff as a "resident" of Nevada, which is not synonymous with citizenship for diversity purposes. *Compl.* [#1] ¶ 2; *Pac. Specialty Ins. Co. v. Poirier*, No. 18-cv-00880-PAB, 2018 WL 4697323, at *1 (D. Colo. June 27, 2018) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) (stating, "allegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity."). Accordingly,

    IT IS HEREBY **ORDERED** that, **no later than March 26, 2025**, Plaintiff shall file a Rule 7.1(a)(2) disclosure statement.

    Dated: March 18, 2025